Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6441 | **DATE** | 11/5/2002 |
| **CASE TITLE** | ROSENBLUM vs. TRAVELBYUS.COM | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' partial motion to dismiss [29-1] is granted in part. Defendant Kerby is dismissed without prejudice from Count I. Defendants' motion to dismiss Travelbyus from Count I is denied. Count II is dismissed against all defendants. Defendants Travelbyus and Travelbyus.com shall answer Count I by November 15, 2002. ENTER MEMORANDUM OPINION AND ORDER.

/s/ Suzanne B. Conlon

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | NOV 06 2002 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 11/5/2002 date mailed notice | |
| CB courtroom deputy's initials | | 02 NOV -5 PM 4:09 U.S. DISTRICT COURT CLERK Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL H. ROSENBLUM, )
)
Plaintiff, ) No. 01 C 6441
)
v. ) Suzanne B. Conlon, Judge
)
TRAVELBYUS.COM, LTD., a foreign corporation, )
TRAVELBYUS, INC., a foreign corporation, and )
BILL KERBY, a foreign citizen, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Michael Rosenblum initially filed this action against Travelbyus.com, Ltd. ("Travelbyus.com"), Travelbyus, Inc. ("Travelbyus"), and Bill Kerby (collectively "defendants") in the Circuit Court of Cook County, claiming breach of contract (Count I) and fraud (Count II). Defendants removed the action to this court based on diversity jurisdiction. Defendants now move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Count I against Travelbyus and Kerby, and Count II against all defendants.

## BACKGROUND

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the nonmovant. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). Rosenblum was the principal owner and operator of Muffin Communications, Ltd. ("Muffin"), a corporation organized under Illinois law. Kerby, on behalf of Travelbyus.com, a corporation chartered in Ontario, Canada, contracted to purchase Muffin from Rosenblum. The acquisition contract provided that Rosenblum would sell his interest in Muffin to Travelbyus.com for $300,000 in cash with a promise to pay $6.7 million in

stock or a stock/cash combination. Rosenblum tendered his interest in Muffin to Travelbyus.com, and Travelbyus.com paid Rosenblum $300,000. Rosenblum alleges that defendants never tendered the additional stock or stock/cash combination as the purchase contract required. Rosenblum claims defendants never intended to pay him the remaining $6.7 million, but rather designed and implemented a fraudulent scheme to defraud Rosenblum.

## DISCUSSION

### I. Legal Standard

A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). "A copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes." Fed. R. Civ. P. 10(c). In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir. 1999), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### II. Choice of Law

A federal court exercising diversity jurisdiction must apply the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). However, "before entangling itself in messy issues of conflict of laws, a court ought to satisfy itself that there actually is a difference between the relevant laws of the different states." *Barron v. Ford Motor Co. of Canada Ltd.*, 965 F.2d 195, 197 (7th Cir. 1992). By its terms, the contract at issue is governed by the laws of the Province of Ontario and the federal laws of Canada. Compl. Ex. A, at art. 1.5. Because neither party argues that Illinois' choice of law rules require application of another forum's

substantive law, the court applies Illinois substantive law. *ECHO, Inc. v. Whitson Co.*, 52 F.3d 702, 707 (7th Cir. 1995).

### III. Breach of Contract (Count I)

Defendants argue that Count I fails to allege any basis for suing Kerby personally for breach of contract. Under Illinois law, "when an officer signs a document and indicates next to his signature his corporate affiliation, then absent evidence of contrary intent in the document, the officer is not personally bound." *Media Communications, Inc. v. Multimedia, Sign Up, Inc.*, 1999 WL 1212652 (N.D. Ill. 1999), *quoting Wottowa Ins. Agency v. Bock*, 104 Ill.2d 311, 313, 472 N.E. 2d 411 (1984). Kerby is not party to the contract; the contract clearly indicates his corporate affiliation. Compl. Ex. A, at 34. The contract does not mention personal obligations on Kerby's behalf, but describes only a transaction between Rosenblum and Travelbyus.com.

There is an exception to the general rule that corporate officers signing contracts in their official capacity are not liable for breach. Illinois courts will pierce the corporate veil and find an officer personally liable when "there is such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and circumstances are such that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Kaeser & Blair, Inc. v. Willens*, 845 F.Supp. 1228, 1234 (N.D. Ill. 1993); *Van Dorn Co. v. Future Chemical and Oil Corp.*, 753 F.2d 565, 569-70 (7th Cir. 1985); *Macaluso v. Jenkins*, 95 Ill. App. 3d 461, 420 N.E.2d 251, 255 (1981). Rosenblum's complaint fails to allege any circumstances supporting an inference that the corporate veil should be pierced. Rosenblum responds that he has not yet had the opportunity through discovery to gain information regarding Kerby's corporate

3

holdings or his adherence to corporate formalities. In the absence of these essential allegations, Kerby is dismissed without prejudice as to Count I.

Defendants argue that Count I against Travelbyus should be dismissed because it was not party to the acquisition contract. Rosenblum responds that Travelbyus is the successor to Travelbyus.com and is bound to the terms of the acquisition contract. Indeed, the parties contemplated and accounted for successor liability. The acquisition contract provides, "[T]his Agreement shall enure to the benefit of and be binding upon the Parties and their respective successors (including any successor by reason of amalgamation of any Party) and permitted assigns." Compl. Ex. A, at art. 12.4. Whether Travelbyus is Travelbyus.com's successor is a factual issue not presently before the court. Rather, the court must determine whether Rosenblum is entitled to relief under any set of facts that could be established under the allegations of his complaint. Rosenblum alleged that Travelbyus refused to comply with its obligations under the acquisition contract. Compl. at ¶¶ 12-15. Considering the acquisition contract contemplated and accounted for successor liability, Rosenblum could establish facts that would entitle him to relief against Travelbyus. Consequently, defendants' motion to dismiss Travelbyus from Count I must be denied.

## IV. Fraud (Count II)

Rosenblum contends that defendants fraudulently induced him to enter into the contract. In the usual case of fraud under Illinois law, "the fraudulent statement must relate to a past or present fact. A statement which is merely an expression of opinion or which relates to future or contingent events, expectations, or probabilities ordinarily does not constitute an actionable misrepresentation." *Razdan v. General Motors Corp.*, 979 F. Supp. 755, 759 (N.D. Ill. 1997), *quoting Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993). Illinois recognizes an action for promissory

4

fraud, where "a false promise of future conduct is the scheme or device to accomplish the fraud." *Razdan*, 979 F. Supp. at 759. But promissory fraud is a disfavored cause of action because it runs the risk of allowing "anyone with a breach of contract claim [to] open the door to tort damages by alleging that the promises broken were never intended to be performed." *Id., quoting Bower v. Jones*, 978 F.2d 1004, 1012 (7th Cir. 1992). A promissory fraud claim can only survive at the pleading stage if the plaintiff "points to specific, objective manifestations of fraudulent intent." *Razdan*, 979 F. Supp. at 759, *quoting Bower*, 978 F.2d at 1011.

Rosenblum's alleged scheme is that defendants (i) coveted Muffin and its relationship with Mobile Media Entertainment (Compl. at ¶ 16), (ii) designed and implemented a fraudulent scheme to defraud Rosenblum of Muffin (*id.* at ¶ 15), but (iii) never intended to pay Rosenblum the remaining $6.7 million of stock or stock/cash combination (*id.* at ¶ 14). These conclusory allegations of fraud lack the requisite specific manifestations of fraudulent intent necessary to distinguish a promissory fraud claim from Travelbyus.com's breach of contract claim. "Breach of contract is not fraud." *Sullivan v. Perlman*, 185 F.3d 850, 852-53 (7th Cir. 1999). A fraud claim cannot be supported by allegations that promises were broken and therefore were never intended to be kept. *See Advent Electronics, Inc. v. Buckman*, 918 F. Supp. 260, 265 (N.D. Ill. 1996); *Industrial Specialty Chems., Inc. v. Cummins Engine Co.*, 902 F. Supp. 805, 813 (N.D. Ill. 1995). Rosenblum's allegations that defendants never intended to keep their promises are not supported with specific and objective manifestations of fraudulent intent. Accordingly, Count II must be dismissed.

## CONCLUSION

Rosenblum fails to state a breach of contract claim against Kerby because Kerby did not sign the acquisition contract in his personal capacity. The complaint's allegations fail to support a

reasonable inference that the corporate veil should be pierced. Travelbyus is not dismissed from Count I. Rosenblum could establish facts entitling him to relief from Travelbyus. The acquisition contract specifically accounts for successor liability, and Rosenblum alleges that the contract obligated Travelbyus to pay him the additional $6.7 million. Count II is fatally defective because the complaint does not allege a scheme based on specific, objective manifestations of fraudulent intent.

November 5, 2002

ENTER:

Suzanne B. Conlon
United States District Judge